UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JULIETTE CHAPA,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES I TURNER, ESQ.,<br>UNITED CREDIT SPECIALISTS,<br>JOHN DOES 1-25,<br><br>    Defendants. | Civil Action No.<br><br>2:15-CV-3125-SDW-SCM<br><br>**OPINION AND ORDER ON MOTION<br>TO COMPEL AND FOR SANCTIONS**<br><br>**[D.E. 16]** |

**STEVEN C. MANNION**, United States Magistrate Judge:

Before the Court is Plaintiff Juliette Chapa's motion to compel responses to discovery and for sanctions.[1]   Upon consideration of the parties' submissions and for the reasons set forth herein, the motion to compel is **GRANTED.**   The Court reserves decision on the sanctions pending an order to show cause.

I.   <u>**BACKGROUND & PROCEDURAL HISTORY**</u>[2]

Juliette Chapa ("Chapa") is a citizen of Texas and brings this matter as a putative class pursuant to the Fair Debt Collection Practices Act against defendants Charles I. Turner, Esq. ("Turner"), an attorney in New Jersey, and United Credit

---

[1]  (ECF Docket Entry No. ("D.E.") 16).

[2] For purposes of this motion, the Court will rely upon the factual allegations set forth in the pleadings though these facts have not been verified.

Specialists[3] ("United"), a debt collection business located in New Jersey.[4]  The Complaint was filed on May 4, 2015.[5] Defendants answered on June 2, 2015.[6]

An initial scheduling order was entered by the Court on August 13, 2015.[7]  The Scheduling Order prescribed the timing for the parties to exchange disclosures and serve and respond to discovery demands.[8]

On December 10, 2015, the Court held a telephone conference with counsel.  The agenda for the call included United's failure to respond to discovery requests.[9]  United acknowledged that it failed to provide written responses to Chapa's discovery requests, and was ordered to do so within seven days.[10]  United did not provide its written responses within seven days, or at any other time thereafter.

---

[3] In various pleadings, the parties have spelled Defendant's name inconsistently, using both "United Credit Specialists" and "United Credit Specilists."  In this opinion, the Court will refer to Defendant as "United Credit Specialists."

[4] (D.E. 1, Complaint ¶¶ 5 - 7, 10).

[5] (D.E. 1).

[6] (D.E. 2, Answer).

[7] (D.E. 8).

[8] (*Id.* at ¶¶ 2, 4).

[9] (D.E. 13).

[10] (D.E. 14 at ¶ 2).

By Order dated December 29, 2015, Chapa was granted leave to file a discovery motion against United.[11]  Chapa moved to compel discovery from United and for sanctions on January 11, 2016.[12]  The return date was set for February 16, 2016.

On February 4, 2016, the Court held a status conference and discussed the outstanding discovery.  Defense counsel was informed that Chapa's motion would be considered uncontested if opposition and discovery responses were not filed by February 12, 2016.  Opposition and discovery responses have not been filed and the return date has passed.

II.  **DISCUSSION**

A. **§ 636, Magistrate Judge Authority**

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[13]  This District has specified that magistrate judges may determine any non-dispositive pre-trial motion,[14] and further provided that discovery disputes shall be brought to the magistrate judge on

---

[11] (D.E. 15).

[12] (D.E. 16).

[13] 28 U.S.C. § 636(b)(1)(A)

[14] L.Civ.R. 72.1(a)(1).

an informal basis.[15]   Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[16]

B. **Uncontested Motion**

Before the Court is an uncontested motion.   A court may consider a motion to be uncontested when opposition has not been filed as required by local rule.[17]   District of New Jersey Local Civil Rule 7.1 requires that motions be made on at least 24-days notice.[18]   Opposition to any motion is due at least 14 days prior to the original return date, unless the Court otherwise orders or an automatic extension is obtained.[19]

Chapa filed her motion on January 11, 2016.[20]   The return date was set for February 16, 2016.   Opposition was due 14 days prior to the return date, but United did not oppose the motion or request an extension of time to respond.   The motion is therefore properly considered unopposed within the requirements of Local Civil Rule 7.1.

---

[15] L.Civ.R. 37.1.

[16] 28 U.S.C. § 636(b)(1)(A).

[17] *Taylor v. Harrisburg Area Comm. Coll.*, 579 Fed. Appx. 90, 93 (3rd Cir. 2014).

[18] L.Civ.R. 7.1(a).

[19] L.Civ.R. 7.1(d)(2).

[20] (D.E. 16).

C. **Legal Standard**

    1. <u>Interrogatories</u>

The Federal Rules require parties to respond within "30 days of being served with interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."[21] Chapa served United with interrogatories. United failed to provide written responses and has not opposed Chapa's motion.

    2. <u>Requests for Production</u>

A party to whom a request for the production of documents is made "must respond in writing within 30 days after being served. . . A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."[22] Chapa served United with requests for the production of documents. United failed to provide written responses and has not opposed Chapa's motion.

    3. <u>Requests for Admissions</u>

Federal Rule of Civil Procedure 36 applies to this dispute. Requests for admissions are deemed "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its

---

[21] Fed.R.Civ.P. 33(a)(2).

[22] Fed.R.Civ.P. 34(b)(2).

attorney."[23]   Furthermore, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[24]

Chapa served United with requests for admissions.  United failed to provide written responses and has not opposed Chapa's motion.

### 4. Rule 37 Fee Sanctions

The Court may order payments of costs and fees to the movant on a discovery motion if "the motion is granted" "after giving an opportunity to be heard."[25]   Fees and expenses shall not be awarded if the movant failed to attempt in good faith to obtain the discovery, the non-disclosure was substantially justified, or other circumstances make an award of expenses unjust.[26]   United will be afforded an opportunity to be heard.

\*

In summary, United is in default of its obligations to provide written responses to Chapa's interrogatories, requests for production of documents, and requests for admissions. Opposition to the motion to compel was not filed.  Granting the

---

[23] Fed.R.Civ.P. 36(a)(3).

[24] Fed.R.Civ.P. 36(b).

[25] Fed.R.Civ.P. 37(a)(5)(A).

[26] Id.

motion to compel on the merits and as being uncontested is therefore appropriate.

The Court reserves decision on the motion for sanctions pending the outcome of an order to show cause. An appropriate Order follows:

**ORDER**

IT IS on this Wednesday, February 17, 2016,

1. **ORDERED** that Plaintiff Chapa's motion to compel Defendant United Credit Specialists to answer her First Set of Interrogatories, Request for the Production of Documents, and Request for Admissions is **Granted**; and it is further

2. **ORDERED** that Defendant United shall provide all written responses within ten days; and

3. The Court reserves decision on Plaintiff Chapa's motion for sanctions.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/17/2016 12:30:43 PM

Original: Clerk of the Court
cc:  Hon. Susan D. Wigenton, U.S.D.J.
     All parties
     File

7